

Minute Order Form (01/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 170 | **DATE** | 6/8/2001 |
| **CASE TITLE** | USA, ex rel., Gordon Sims vs. Edwin Bowen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Respondent's motion to dismiss Sims' petition for habeas corpus as untimely is granted and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 11 2001 date docketed | 15 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | EL-7 FILED FOR DOCKETING 01 JUN -8 PM 4:48 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/8/2001 date mailed notice | |
| ETV | courtroom deputy's initials | | ETV mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America, *ex rel.*, ) 
GORDON SIMS, )
 )
               Petitioner, )
 )
v. )   No. 01 C 170
 )
EDWIN BOWEN, Warden, Centralia, )   Rebecca R. Pallmeyer
Correctional Center, )
 )
               Defendant. )

DOCKETED
JUN 1 1 2001

## MEMORANDUM OPINION AND ORDER

On July 19, 1994, Petitioner Gordon Sims was found guilty of first degree murder and sentenced to forty years in prison. Sims filed a timely appeal of his conviction to the Illinois Appellate Court. Almost two and a half years later, on November 27, 1996, the Appellate Court affirmed his conviction. *See People v. Sims*, 285 Ill. App. 3d 598, 612, 673 N.E. 2d 1119, 1128 (1st Dist. 1996). Sims filed a timely petition for leave to appeal with the Illinois Supreme Court, but the Court denied that petition on April 2, 1997. On August 5, 1997, just four months from the time the Illinois Supreme Court denied the petition but 18 days after the three-year statute of limitations had run for filing his state post-conviction petition, Sims filed a motion to file a late post-conviction petition with the Circuit Court of Cook County. On November 4, 1998, the Circuit Court denied the motion and dismissed Sims' petition as untimely. Sims appealed that decision, contending that the trial court erred in dismissing his petition because he had shown that he was not culpably negligent for

filing the petition 18 days after the statute of limitations ran. On June 13, 2000, the Illinois Appellate Court affirmed the decision of the trial court. Sims appealed that decision to the Illinois Supreme court, which denied his petition for leave to appeal on October 4, 2000.

Currently incarcerated at the Centralia Correctional Center in Illinois, Sims brought the instant habeas petition on January 9, 2001, raising forty-three various claims for relief. Respondent Edwin Bowen now moves to dismiss this petition as time barred under § 2244(d) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The relevant part of this provision states that "[a] one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). In this case, that limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(a).

The direct appeal in this case was resolved by the Illinois Supreme Court on April 2, 1997. Sims is entitled to count an additional 90 days, pursuant to Supreme Court Rule 13, during which time he could have filed a petition for writ of certiorari in the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(a); *see also Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000) (finding that Congress explicitly stated its intent to exclude from the one year statute of limitations any time during which a direct appeal, as opposed to a post-conviction petition, could have been filed, even if such appeal was never filed). Thus, Sims' direct appeal became final on July 1, 1997.

He had one year from that date to file his habeas petition, until July 1, 1998. He missed that deadline by more than two and a half years and, therefore, his claim must be dismissed by this court as untimely.

Sims is not helped by the fact that his post-conviction petition was pending from August 5, 1997 until October 4, 2000. AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," 28 U.S.C. § 2244(d)(2), but Sims filed his post-conviction petition after Illinois' three-year deadline for filing such petitions. *See* 725 ILCS 5/122-1(c) (time for filing a post-conviction petition is the sooner of 6 months after the denial of a petition for leave to appeal or three years from the date of conviction). Because Sims' post-conviction petition was not "properly filed," that petition did not toll the statute of limitations for filing his habeas petition. *See, e.g. Freeman v. Page*, 208 F.3d 572, 575 (7th Cir. 2000) (state collateral attack is not "properly filed" so as to toll limitations period for filing federal habeas petition where state court determined that the petition was untimely); *see also Posada v. Schomig*, 64 F. Supp. 2d 790, 792-93 (C.D. Ill. 1999) (where petitioner filed an untimely post-conviction petition, that petition did not toll the limitations period for filing his petition for writ of habeas corpus). Further, where, as here, the state court determined that Sims did not show that the delay was not due to his own culpable negligence, normal "principles of issue preclusion" require this court to accept the state court's

determination and prevent Sims from getting a "second opinion" as to whether his petition's untimeliness could be excused. *Freeman*, 208 F.3d at 575.

The court notes that it appears Sims was diligent about filing his appeals. Unfortunately for him, however, the Illinois Appellate Court did not rule on his timely direct appeal until November 27, 1996, more than 2 years after his July 19, 1994 conviction. When the Illinois Supreme Court denied his petition for leave to appeal on April 2, 1997, Sims was left with slightly more than three months to file his post-conviction petition. Even if the Illinois Appellate Court's delay in ruling on Petitioner's direct appeal made it more difficult for him to timely file his post-conviction appeal, this court cannot excuse his delay. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests. . . .") Respondent's motion to dismiss Sims' petition for habeas corpus as untimely is granted and this case is dismissed.

ENTER:

Dated: June 8, 2001

REBECCA R. PALLMEYER
United States District Judge